UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TAMESHA N. BOYD,

                              Plaintiff,

-against-                                                    1:25-CV-169 (LEK/MJK)

THE CORPORATION of the
STATE of NEW YORK et al,
                              Defendants.

---

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On February 6, 2025, pro se Plaintiff Tamesha Boyd ("Plaintiff") commenced this action against Defendants the State of New York,[1] Governor Kathy Hochul, the New York Department of Motor Vehicles, Division of Field Investigations ("DMV"), the DMV Commissioner, Katrina Turner, and Doe Union and/or Insurance Company Defendants, alleging, inter alia, violations of the Fourteenth Amendment's Due Process Clause, the Americans with Disabilities Act ("ADA"), and the New York State Human Rights Law (NYSHRL). Dkt. No. 1 ("Complaint").

On June 30, 2025, Defendants filed a motion to dismiss the Complaint. Dkt. No. 28 ("Motion"). Plaintiff filed a response, Dkt. No. 31 ("Response"), and Defendants filed a reply, Dkt. No. 32.

For the reasons that follow, Defendants' motion to dismiss is granted in part, and denied in part.

---

[1] The Complaint's caption identifies "The Corporation of the STATE of NEW YORK" as a Defendant in this action. Compl. at 1I. In an effort to grant Plaintiff the special solicitude owed pro se litigants the Court will assume Plaintiff intended to sue the State of New York. The Clerk is directed to update the case caption to reflect as such.

II.    **BACKGROUND**

The following facts are set forth as alleged in Plaintiff's Complaint, her Response, and the exhibits attached to it.

Plaintiff is an African-American woman with a disability, who, "at all relevant times, was employed by the [DMV]." *See* Compl. at 2, 12. She alleges "a pattern of racial and disability discrimination, retaliation, defamation, and violation of [her] constitutional rights . . . . perpetrated by the [DMV], various [DMV] employees . . . , and governmental institutions tasked with providing access to justice." *Id*. at 4.

Outside of work, Plaintiff writes under the pseudonym, Zalaina Carpenter, "to safeguard [her] privacy, freedom of expression, and mental health." *Id*. She alleges her supervisor, Katrina Turner, and "others in [her] workplace, misuse[d] and misinterpret[ed]. . . [her] personal writings under the pseudonym." *Id*. at 5. Plaintiff says, "that in the work place it seemed [she] was 'defamed'" because of the personal views she expressed on "issues of racial discrimination, identity, and self-expression." *Id*. Turner "retaliated against [her]" by spreading defamatory statements about Plaintiff amongst colleagues, excluding her from career opportunities, creating a hostile work environment where Plaintiff felt unwanted and "discriminated against due to racial biases," and telling her to "utilize the team email set up to communicate with [her] co workers and to share work related 'content' to complete[] work task[s]!" *Id.* at 5–6. Plaintiff believes this was done in "bad faith" and that Turner's statements subjected her to the "false beliefs that [she], as a Black woman, was somehow unprofessional or unworthy of the opportunities others were afforded." *Id.* at 6–7.

Later, after recovering from an illness, Plaintiff was further subjected to "retaliation and a hostile work environment." *Id.* at 9. Plaintiff overheard her colleagues "suggesting [she] was a

racist" and mention she "would be fired soon." *Id.* at 10. Moreover, on several occasions Plaintiff was "subjected to verbal abuse" by Turner and explains that she felt Turner "deflected" Plaintiff's concerns. *Id.*

Plaintiff further alleges "the DMV and its employees have deprived [her] of [her] 14th Amendment right to equal protection of the laws." *Id.* at 9. She explains that the DMV maintains a practice of "including racial profiling, discriminatory treatment, and defamation" that has "hindered [her] ability to perform [her] job." *Id.* Plaintiff attempted to "facilitate a complaint from the Equal Employment Opportunity Commission (EEOC) and other governmental institutions" but they failed to "investigate or adequately address [her] complaints of discrimination and retaliation." *Id.* at 10–11.

Finally, Plaintiff alleges Turner denied her reasonable accommodations under the ADA. *Id.* at 9, 12, 14–15. Plaintiff is the "mother of a disabled child, [who] requested reasonable accommodations to attend necessary meetings regarding [her] child's education." *Id.* at 14–15. Turner's denial of Plaintiff's accommodations caused her "additional stress and harm." *Id.* at 15.

Plaintiff requests $100,000,000.00 in compensatory and punitive damages and injunctive relief in the form of, inter alia, requiring the EEOC and other government agencies to "reform their processes [in order to] ensure adequate protection for individuals who experience discrimination and retaliation." *Id.* at 23. She also requests the Court engage in 'Systemic Reforms,' including a Court ordered "implementation of anti-retaliation policies for employees with disabilities.' *Id.*

Courts in the Second Circuit are required to show special solicitude to pro se litigants, especially those raising civil rights claims, as Plaintiff does here. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citing *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir.2003)). As best the

Court can understand, Plaintiff brings the following claims for relief: 1) employment

discrimination claims against all Defendants pursuant to 42 U.S.C. § 1981 ("Section 1981"), 2)

employment discrimination and hostile work environment claims against all Defendants pursuant

to 42 U.S.C. § 1983 ("Section 1983"), 3) ADA failure to accommodate, employment

discrimination, and retaliations claims against all Defendants, 4) Title VII claims for racial

discrimination, retaliation, and hostile work environment against all Defendants, 5)  state law

Defamation claims against all Defendants, 6) NYSHRL claims against all Defendants for

discriminatory practices, 7) Intentional Infliction of Emotion Distress against all Defendants, and

8) a state law Negligence claim against Katrina Turner. *See* Compl. at 7, 9–16.[2]

## III.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations

contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v.

Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule

12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a

---

[2] However, Plaintiff's vague allegations regarding violations of the "United Nations Convention on the Rights of Persons with Disabilities," the Sherman Antitrust Act, the Clayton Act, among others, stand on different footing. *See* Compl. 18, 21. As to these claims, the Court is unable to discern any factual basis for them in the Complaint, and therefore the Court will not consider them. *Buxbaum v. Zillow Grp. Inc.*, No. 25-CV-2766, 2025 WL 1549017, at *1 (S.D.N.Y. May 30, 2025) ("The Court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, '[n]otwithstanding any filing fee . . . that may have been paid.'") (citing 28 U.S.C. § 1915(e)(2)).

reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id.* at 679.

Where, as here, a plaintiff proceeds pro se, the court must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (cleaned up). Nevertheless, "dismissal of a pro se complaint is…appropriate where a plaintiff has clearly failed to meet the minimum pleading requirements." *Rahman v. Schriro*, 22 F.Supp.3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)). The Court's "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

When ruling on a Rule 12(b)(6) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotations omitted). However, for pro se plaintiffs, the Court *may* consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No.

12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotations omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010), "factual allegations made by a pro se party in his papers opposing the motion," *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013), and "documents that the plaintiff[ ] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). Finally, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).

## IV.    DISCUSSION

### A.  Federal Law Claims

Plaintiff's federal claims for relief suffer from several pleading deficiencies. The Court addresses each in turn.

#### 1.  Sovereign Immunity

Defendants aver that Plaintiff's claims against the State of New York, the DMV, and the individual Defendants in their official capacity should be dismissed on Eleventh Amendment grounds. Mot. at 8–11. The Court agrees.

The Eleventh Amendment bars a citizen from bringing a suit against her own state in federal court. *See* U.S. Const. amend. XI. The Eleventh Amendment also immunizes States against suits for damages against state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Keles v. Davalos*, 642 F. Supp. 3d 339, 359 (E.D.N.Y. 2022) (explaining that Section 1983 official capacity suits are considered "*de facto* monetary suits against the state and are barred by sovereign immunity.") (internal quotations

omitted). "This immunity extends to '. . . state instrumentalities.'" *Clark v. Schroeder*, 847 F.

App'x 92, 94 (2d Cir. 2021) (citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30

(1997)). The DMV, of course, is a state instrumentality. *See Feingold v. New York*, 366 F.3d 138,

149 (2d Cir. 2004).

 Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states'

immunity or a state expressly consents to suit. *See Gollomp v. Spitzer*, 568 F.3d 355, 365–66 (2d

Cir. 2009). It is well-settled that Congress did not abrogate states' sovereign immunity through

Section 1983. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt,

however, that [a Section 1983] suit against the State . . . is barred by the Eleventh

Amendment."). Moreover, New York has not waived its immunity from suit on the claims for

monetary damages asserted in the Complaint. *See Trotman v. Palisades Interstate Park Comm'n*,

557 F.2d 35, 38–40 (2d Cir. 1977).

Therefore, as an initial matter, all of Plaintiff's claims against New York State, the DMV,

and the individual Defendants in their official capacities, are clearly barred by the Eleventh

Amendment and are dismissed with prejudice.[3]

Plaintiff "invoke[s] *Ex Parte Young*" in her Complaint as a means of "addressing

violations committed by state officials, including the Governor and other related parties, in their

---

[3] This necessarily means that any of Plaintiff's claims brought under Section 1981 and 1983 as
against the Governor, DMV Commissioner, and Ms. Turner in their official capacities, *see*
Compl. at 11–12; Resp. at 7, 9, 11, as the Court describes *infra*, must also fail. *See Duplan v.
City of New York*, 888 F.3d 612, 620-21 (2d Cir. 2018) (explaining that Section 1981 "does not
provide a separate private right of action against state actors."); *Stephens v. New York State
D.O.C.C.S.*, No. 25-CV-0473, 2025 WL 2377136, at *4 (N.D.N.Y. May 29, 2025) ("To the
extent that plaintiff seeks monetary damages for his § 1983 claims against [State
instrumentalities] or defendants in their official capacity, those claims are dismissed.") (citing
*Richardson v. Nassau Cty.*, 277 F. Supp. 2d 196, 204 (E.D.N.Y. 2003)).

official capacity." Compl. at 15. *Ex Parte Young*, 209 U.S. 123 (1908), is indeed a "'well-known exception' to Eleventh Amendment immunity." *Clark*, 847 F. App'x at 94. The exception allows for "prospective injunctive relief against state officers sued in their official capacity." *Id.* (citing *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020)).

However, Plaintiff's invocation of *Ex Parte Young* is patently erroneous. *Ex Parte Young* only allows for prospective relief against state officials, not state agencies. *See Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022). Therefore, the limited exception the Supreme Court recognized in *Ex Parte Young* is inapplicable as against both the DMV and New York State. *See Clark*, 847 F. App'x at 93–94. And to the extent Plaintiff identifies "prospective injunctive relief" [4] against the DMV's Commissioner, Governor Hochul, or Ms. Turner, any argument for future relief would fail because Plaintiff lacks the standing to do so. *See Cozayatl Sampedro v. Schriro*, 377 F. Supp. 3d 133, 145 (D. Conn. 2019) ("To have standing to seek an injunction, Mr. Sampedro 'must assert a likelihood that [he] will be subjected to a similar [constitutional] violation in the future.'") (citations omitted). Plaintiff is neither employed by the DMV, nor does she seek reinstatement, and thus lacks standing to seek such relief. *Compare* Compl. at 11, 13 *with Cassells v. Univ. Hosp. at Stony Brook*, No. 86-CV-698, 1987 WL 3717, at *3 (E.D.N.Y. Jan. 12, 1987) ("[P]laintiff, as a former employee, can no longer benefit from any prospective injunctive relief the court might grant, and thus she does not have standing.") (citing *Simon v.*

---

[4] The Complaint seeks, inter alia, "[a]n order requiring the EEOC and other relevant governmental entities to reform their processes to ensure adequate protection for individuals who experience discrimination and retaliation." Compl. at 23. The EEOC is not a Defendant in this case and it is unclear who the other "relevant governmental entities" are that Plaintiff is referring to. *See id.* The Court lacks the power to compel a nonparty to a suit to take action. *Moody v. U.S. Equal Emp. Opportunity Comm'n*, No. 24-CV-3320, 2025 WL 2549074, at *2 (S.D.N.Y. Sept. 3, 2025) *see also United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992) ("[A] court generally may not issue an order against a nonparty."); Fed. R. Civ. P. 65(d)(2).

*Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 43 (1976)). Accordingly, because Plaintiff lacks standing, any claims she has for prospective injunctive relief are also dismissed with prejudice.

In sum, Plaintiff's claims for damages and any claims for prospective injunctive relief against New York State, the DMV, and the individual Defendants in their official capacity, are barred on sovereign immunity grounds and dismissed with prejudice.

### 2. Personal Involvement

Further, Defendants argue that any Section 1981 or 1983 claims must be dismissed against Governor Hochul and the DMV Commissioner for lack of personal involvement. *See* Mot. at 28.

"An individual may be held liable under §§ 1981 and 1983 only if that individual is 'personally involved in the alleged deprivation.'" *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) (quoting *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (for Section 1983 claims)); *Patterson v. Cnty. of Oneida,* 375 F.3d 206, 229 (2d Cir.2004) (for Section 1981 claims). A plaintiff can establish personal involvement by demonstrating either that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

*Littlejohn*, 795 F.3d at 314 (citing *Back,* 365 F.3d at 127).

The Court notes that it is unclear whether Plaintiff seeks to sue the individual Defendants in their individual capacity or their official capacity. In the Complaint, Plaintiff appears to sue the Governor and DMV Commissioner in their official capacities only, while she sues Ms. Turner in both her individual and official capacity. *See* Compl. at 2–3. In her Response however,

Plaintiff seems to amend her allegations to include a suit against the Governor and the DMV Commissioner in their individual capacities as well. *See* Resp. at 1, 6, 9, 13; Dkt. No. 31-1 at 2. Therefore, Plaintiff's pro se status, and the special solicitude owed to pro se litigants in this Circuit and because "individual-and official-capacity claims are not mutually exclusive," *Rodriguez v. City of Rochester*, 624 F. App'x 16, 18 (2d Cir. 2015), the Court will assume Plaintiff intended to sue the Governor and the DMV commissioner in their individual capacities as well.[5]

Plaintiff fails to allege any plausible theory that either the Governor or the DMV Commissioner were personally involved in the actions alleged in the Complaint. *See generally* Compl. Instead, the Complaint merely cites the state officials in the case caption, and as parties to the Complaint, but is otherwise bereft of the "tangible connection" the law requires to establish liability for even supervisory officials. *See Burrell v. DOCCS*, 655 F. Supp. 3d 112, 124 (N.D.N.Y. 2023) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676).

---

[5] While the Court gives Plaintiff the benefit of the doubt regarding the status of her suit against the individual Defendants in their official and individual capacities, the Court will not entertain the wholly new motions for inquest, or new allegations regarding, inter alia, "Cyberstalking/Surveillance/[and] Data trafficking." *See, e.g.* Resp. at 9–11; Reply at 8–9. "[A] plaintiff[, even appearing pro se,] may not allege new facts and legal claims in opposition to a motion to dismiss." *Helwing v. City of New York*, No. 18-CV-3764, 2021 WL 781794, at *4 (E.D.N.Y. Mar. 1, 2021), *aff'd sub nom. Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341 (2d Cir. Mar. 2, 2022) (citing *Wright v. Ernst Young LLP*, 152 F. 3d 169, 178 (2d Cir. 1998)).

Accordingly, Plaintiff's claims against the Governor and the DMV Commissioner are dismissed for lack of personal involvement. *See Cipriani v. Buffardi*, No. 06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.").[6]

### 3. Title VII

Plaintiff brings Title VII retaliation, hostile work environment, and discrimination claims against New York State, the DMV, and the individual Defendants in their official and personal capacities. Compl. at 9, 12. Defendants aver, *inter alia*, that this Court has cannot hear Plaintiff's Title VII claims because she has not received a "right to sue" letter from the EEOC and therefore her claims should be dismissed. *See* Mot. at 11–13. Defendants further aver that by Plaintiff's failing to rebut these arguments, they are entitled to dismissal of her original claims. Reply at 3–4 (citing *Lopez v. Wright*, 2007 WL 388919 *1–2 (N.D.N.Y. 2007)).

After carefully considering the matter, the Court agrees with Defendants on this latter point. "Plaintiff had due notice of [her] duty to oppose such legal arguments if [s]he wished them to be considered by the Court as challenged." *Johnson v. Lew*, No. 13-CV-1072, 2015 WL 4496363, at *5 (N.D.N.Y. July 23, 2015); *see also* Dkt. No. 3; NDNY L.R. 7.1(b)(3). "In this District, when a non-movant willfully fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit." *Id*. This burden is a "modest" one. *Id*. "Here, the Court finds that Defendants have, at the very least, met this

---

[6] The Court notes this also applies to Plaintiff's claims against the Doe Union and/or Insurance company Defendants. The Complaint is devoid of any facts as to these Defendants and thus they are subject to dismissal.

lightened burden with regard to these arguments." *Id*. However, the Court will make three observations:

### a. Failure to Exhaust

The Court agrees with Defendants that this Court cannot hear Plaintiff's Title VII claims without a "Right to Sue" letter from the EEOC. 42 USC § 2000e-5. "There are two prerequisites for filing a Title VII action in federal court; plaintiff must (1) file a timely charge of employment discrimination with the EEOC and (2) receive a notice of the right-to-sue letter." *Coleman v. Board of Educ.*, No. 96-CV-4293, 2002 WL 63555, at *3 (S.D.N.Y. Jan. 15, 2002). Plaintiff has not alleged that she has fulfilled either requirement here, and therefore these claims are subject to dismissal for failure to exhaust pursuant to 42 USC § 2000e—5.

### b. Liability under Title VII

Moreover, Plaintiff's Title VII claims as against the individual Defendants and New York State cannot survive. As to the former, Title VII does not provide for individual liability, and therefore any of Plaintiff's claims against the individual Defendants cannot survive. *Smith v. New York City Hous. Auth.*, No. 25-CV-283, 2025 WL 1031063, at *2 (E.D.N.Y. Apr. 7, 2025) ("Title VII does not provide for individual liability; rather, only the employer may be named.") (citing *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). As to the latter, Plaintiff has not alleged that New York State is her employer in any meaningful sense, and so "Plaintiff's Title VII claim must be dismissed against the State of New York." *Trostle v. State of New York*, No. 13-CV-0709, 2016 WL 1175215, at *7 (N.D.N.Y. Mar. 24, 2016) (collecting cases); *La Martina v. Fischer*, No. 12-CV-308, 2013 WL 1682603, at *5 (W.D.N.Y. Mar. 19, 2013), *report and recommendation adopted*, No. 12-CV-308, 2013 WL 1681492 (W.D.N.Y. Apr. 17, 2013)

("[C]ases decided within the Second Circuit have held that the State is not a proper defendant in Title VII actions brought by employees of various other state agencies.").

c.  Failure to State a Claim Against the DMV

Had Plaintiff properly exhausted her claims, her Complaint as it stands still fails to plausibly allege a theory of retaliation, hostile work environment, or discrimination under Title VII against the DMV. Plaintiff alleges she was retaliated against for expressing her "personal experiences in writing, dealing with issues of racial discrimination, identity, and self-expression," Compl. at 5, but does not explain the nature of the protected nature of these writings, or any cognizable adverse employment action taken because of that activity. *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (detailing cognizable adverse employment actions, including "termination of employment, a demotion evidenced by a decrease in wage or salary, [or] a less distinguished title . . . ." ). *Marshall v. Nat'l Assoc. of Letter Carriers Br. 36*, No. 00-CIV-3167, 2003 WL 223563, at *9 (S.D.N.Y. Feb. 3, 2003) (dismissing a complaint because it "fail[ed] to connect the alleged retaliation to any activity directed at the enforcement of rights protected by Title VII.").

Further, Plaintiff alleges that she felt "discriminated against due to racial biases," targeted for her expression, heard someone say she "would be fired soon," that her colleagues suggested she "was a racist without justification," and that she was subject to verbal abuse by her supervisor. Compl. at 6, 9–10. But again, states no facts to support a claim against the DMV for a hostile work environment leaving the claim subject to dismissal. *Boza-Meade v. Rochester Hous. Auth.*, 170 F. Supp. 3d 535, 547 (W.D.N.Y. 2016) (dismissing a hostile work environment claim where plaintiff made "vague allegations that co-workers made fun of her . . ., with no additional supporting factual information as to the context and frequency of this conduct.");

*Nugent v. St. Lukes-Roosevelt Hosp. Ctr.*, 303 F. App'x 943, 945 (2d Cir. 2008) (dismissing a hostile work environment claim because "derogatory language," "dismissive comments by management," and "intense scrutiny" of an employee are "insufficiently severe and pervasive" to state a claim for relief); *see also Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 781–82 (S.D.N.Y. 2019)  (explaining that Title VII "does 'not prohibit employers from maintaining nasty, unpleasant workplaces, or even ones that are unpleasant for reasons that are due to the protected characteristic.'") (quoting *Carrington v. Mota*, 16-CV-8061, 2017 WL 3835883, at *12 (S.D.N.Y. Aug. 31, 2017)).

Finally, any racial discrimination claims under Title VII that Plaintiff may be alleging, Compl. at 5–7. 9–10, must fail because she provides no facts to infer discriminatory intent on behalf of her employer. *Oliver Cyrus v. Lockheed Martin Corp.*, No. 22-CV-4115, 2025 WL 964016, at *8 (E.D.N.Y. Mar. 31, 2025), *reconsideration denied sub nom. Cyrus v. Lockheed Martin Corp.*, No. 22-CV-4115, 2025 WL 1638056 (E.D.N.Y. May 9, 2025) (dismissing a racial discrimination claim under Title VII because "[t]he plaintiff does not allege that any defendant referred to her race, criticized her work 'in ethnically degrading terms,' or made 'invidious comments about others in the employee's protected group.'") (citing *Tieu v. New York City Econ. Dev. Corp.*, 717 F. Supp. 3d 305, 321–22 (S.D.N.Y. 2024)).

### 4. ADA

Plaintiff brings discrimination, retaliation, and failure to accommodate claims under the ADA against all Defendants for the actions alleged in the Complaint. Compl. at 9–15. To the extent she alleges ADA discrimination and retaliation claims, they rely on largely the same theory as her Title VII claims against the DMV. *Id.* at 6–7, 9–15. As to her failure to accommodate claims, she brings these on behalf of herself and her disabled son. *Id.* at 12, 14–15.

14

But, as Defendants correctly note, Plaintiff's employment discrimination and retaliation ADA claims cannot proceed against New York State, the DMV, or any of the individual Defendants. *See* Mot. at 29–30; *Yerdon v. Poitras*, 120 F.4th 1150, 1153–55 (2d Cir. 2024) (explaining that ADA claims brought under either Title I or Title V are barred against the DMV and state officials acting in their official capacity); *id*. at 1155–57 (explaining that "neither Title I nor Title V of the ADA permits claims against individual[s]"). Thus, the only remaining claim would be Plaintiff's failure to accommodate claim. But this too must fail because Plaintiff has simply alleged no facts to support it.

a.  <u>Failure to Accommodate Plaintiff's Disability</u>

Defendants aver that Plaintiff cannot establish she was disabled as defined by the ADA. *See* Mot. at 31.

> "To establish a *prima facie* [failure to accommodate] case under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) [her] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) . . . [her] employer refused to make a reasonable accommodation."

*Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242, 246 (2d Cir. 2025) (emphasis omitted) (quoting *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (per curiam)).

After carefully reviewing the Complaint, the Court agrees with Defendants that it is "devoid of any allegation that *Plaintiff is disabled* within the meaning of the ADA." Mot. at 31. Plaintiff does not explain her specific disability, how it qualifies as a disability within the ADA. or describe the "reasonable accommodations" she sought for herself. *See generally* Compl. Rather, Plaintiff merely describes herself as a "disabled individual." *See, e.g.*, *id.* at 16; Resp. at 11 ("I am not just any citizen: I am a **disabled professional leader**.") (emphasis in original). These statements are conclusory and thus do not state a claim for relief, let alone a plausible one.

*Tillman v. New York City Dep't of Hum. Res. Admin.*, No. 22-872-CV, 2023 WL 2770218, at *2
(2d Cir. Apr. 4, 2023).

b. <u>Plaintiff's Associational Discrimination Claim</u>

Plaintiff also alleges the Defendants failed to accommodate her "reasonable
accommodations to attend necessary meetings regarding [her] child's education." Compl. at 14–
15. Defendants aver this fails to state a disability discrimination claim under the ADA. *See* Mot.
at 31. The Court agrees.

> To state a claim for associational discrimination under the ADA, a plaintiff must allege:
>
> "1) that she was qualified for the job at the time of an adverse employment action; 2) that she was subjected
> to adverse employment action; 3) that she was known at the time to have a relative or associate with a
> disability; and 4) that the adverse employment action occurred under circumstances raising a reasonable
> inference that the disability of the relative or associate was a determining factor in the employer's
> decision."

*Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 432 (2d Cir. 2016).

Plaintiff's Complaint fails to allege any elements of an associational discrimination
claim. Specifically, as described *supra* Part IV (A)(3)(c), Plaintiff does not describe any adverse
employment action taken against her, or moreover, that anyone's disability was the reason for
that action, s*ee generally* Compl. Therefore, this claim must be dismissed.

5. *Section 1981*

Plaintiff brings a Section 1981 damages claim against all Defendants for "subjecting
Plaintiff to discriminatory actions and harassment based on race and disability." Compl. at 11–
12. Defendants argue that Plaintiff's Section 1981 claims should be dismissed because, *inter
alia*, Section 1983 provides the constitutional remedy she seeks. Mot. at 22–26. The Court
agrees.

In *Duplan*, the Second Circuit held that Section 1981 claims against state actors are barred because "[Section] 1983 already provides a remedy against state actors." *Duplan*, 888 F.3d 612, 620–21 (2d Cir. 2018). Thus, a Section 1981 claim against New York State, the DMV, and the individual Defendants (in either their individual or official capacities) "would not be the appropriate vehicle for suit, and such claims must be dismissed." *Perry v. Clement*, No. 23-CV-1573, 2025 WL 2592189, at *6 (N.D.N.Y. Sept. 8, 2025); *see also Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989) (explaining that "the express cause of action for damages created by [Section] 1983 constitutes the *exclusive federal remedy* for violation of the rights guaranteed in [Section] 1981 by state governmental units."); *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 285 (S.D.N.Y. 2019) ("The Supreme Court's holding in *Jett* has been interpreted to encompass not only governmental entities, but also individuals sued in their individual capacities who are also state actors.").[7]

Given Plaintiff's pro se status, the Court will construe Plaintiff's Section 1981 claims as Section 1983 claims against all Defendants. *In re New York City Dep't of Educ.*, No. 15-CV-7150, 2019 WL 1433163, at *5 (S.D.N.Y. Mar. 29, 2019) ("Following the Second Circuit's approach in *Duplan*, the Court will construe the [Section] 1981 claims as causes of action brought under [Section] 1983.") (collecting cases).

### 6. *Section 1983*

Defendants move to dismiss Plaintiff's Section 1983 claims because they are either barred by sovereign immunity or otherwise fail to state a claim. Mot. at 26–29.

---

[7] Plaintiff's claim against the DMV here specifically fails because the Defendant is a state agency. *Feingold*, 366 F.3d at 149.

The Court observes it might be helpful to identify which of the Defendants is subject to liability under Section 1983 given the procedural bars to Plaintiff's claims. First, any Section 1983 claims against New York State, the DMV, or any of the Defendants in their official capacity must fail because they are clearly barred by sovereign immunity. *See supra* Part IV(A)(1). Moreover, Plaintiff cannot seek prospective injunctive relief because she no longer works at the DMV, nor does she seek reinstatement. *Id*. Finally, based on the analysis *supra* Part IV(A)(2), Plaintiff's Complaint is currently devoid of any facts which allege that either the Governor or the DMV Commissioner were personally involved in her alleged constitutional violation. Thus, the only viable Defendant to whom a Plaintiff's Section 1983 claims might apply is Ms. Turner. But those too must fail.

a. <u>First Amendment Claim</u>

Construed liberally, Plaintiff's allegations raise a First Amendment retaliation claim against Ms. Turner. Compl. at 8.

"The speech of a public employee is protected by the First Amendment when the employee speaks as a citizen on a matter of public concern, rather than pursuant to his employment responsibilities." *Specht v. City of New York*, 15 F.4th 594, 600 (2d Cir. 2021) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 420–21 (2006)). To state a claim for relief, a Plaintiff must allege that they have (1) "engaged in protected First Amendment activity; (2) . . . suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action." *Smith v. County of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015). "Speech deals with matters of public concern when it can be fairly considered as relating to matters of political, social, or general interest to the community or value and concern to the public." *Specht v. City of New York*, 15 F.4th 594, 600 (2d Cir. 2021) (citing *Snyder v.*

*Phelps*, 562 U.S. 443, 453 (2011)). Courts "consider the motive of the speaker, cognizant that 'speech on a purely private matter does not pertain to a matter of public concern' and, conversely, that an individual motivated by a personal grievance can simultaneously speak on a matter affecting the public at large." *Golodner v. Berliner*, 770 F.3d 196, 203 (2d Cir. 2014) (cleaned up).

Defendants aver Plaintiff's claim fails because she has not alleged that her speech was a matter of public concern or that an adverse employment action was taken against Plaintiff by Ms. Turner. Mot. at 32–34. Defendants further aver that by failing to rebut these arguments, Plaintiff waives her original claims. Reply at 7 (citing *Lopez*, 2007 WL 388919 *1–2 (N.D.N.Y. 2007)).

After carefully considering the matter, the Court agrees with Defendants on this point, and for the same reasons set out *supra* Part IV (A)(3), the Court finds that Defendants have met their burden with regard to these arguments. Accordingly, Plaintiff's First Amendment claim is dismissed.

b. <u>Equal Protection Claims</u>

Plaintiff also alleges Fourteenth Amendment Equal Protection claims against Ms. Turner for, inter alia, "racial discrimination or creating a hostile work environment based on race, ethnicity, or other protected characteristics." Compl. at 9. Defendants, in turn, argue that Plaintiff's Equal Protection claims against Ms. Turner (the facts of which are nearly identical to her Title VII claims) must fail because, among other things, they are premised on the same actions underlying her Title VII claims. *See* Mot. at 28–29 (citing *McBeth v. City of New York*, No. 23-CV-10389, 2025 WL 951439, at *4 (S.D.N.Y. Mar. 28, 2025)); *supra* Part IV (A)(3). Moreover, in their Reply, they aver that Plaintiff has not "address[ed] the validity of this claim" in her Response. Reply at 6.

Upon reviewing Plaintiff's Response to the Motion, and carefully considering the matter, the Court agrees that Plaintiff has failed to oppose Defendants' argument for dismissal on her Equal Protection claims. *See generally* Resp.; Dkt. No 31-4. Although the Court did not reach the merits of Plaintiff's Title VII claims due to a jurisdictional defect, the Court explained *supra* Part IV (A)(3)(c) that those claims would fail in any event because the Complaint alleges only conclusory allegations. Here, Plaintiff's Equal Protection claims rely on the same facts and suffer the same pleading deficiencies. The Response does nothing to dispute Defendants' arguments that the Complaint fails to plausibly allege facts that show "discrimination, hostile work environment [or] retaliation" in violation of the Equal Protection Clause. Mot. at 15–22, 28–29; Reply at 6. Instead, Plaintiff's Response merely restates the same conclusory allegations against Ms. Turner that Plaintiff made in her Complaint – i.e., that Ms. Turner's "**conduct contributed to a hostile work environment and violated Plaintiff's _rights under the ADA_**" and that her "allegations are sufficient to survive dismissal at the pleading stage." *Compare* Dkt. No. 31-4 at 3 (emphasis in original and citations omitted) *with* Compl. at 5–10.

Given the overlap in Defendants' arguments against Plaintiff's Title VII and Equal Protection claims, the fact that they remain unrebutted in Plaintiff's Response, and that they are indeed meritorious, the Court dismisses Plaintiff's Equal Protection claim for the same reasons laid out above. *Supra* Part IV (A)(3)(c); *Johnson*, 2015 WL 4496363, at *5.

**B.  State Law Claims**

Given that the bases for this Court's federal question jurisdiction have been disposed of, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over

which it has original jurisdiction"); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6
(2d Cir. 2017) ("[A] district court may decline to exercise supplemental jurisdiction over state
and local law claims if it has dismissed all claims over which it has original jurisdiction.").

Accordingly, any state law claims Plaintiff wishes to bring against Defendants are
dismissed.

## V.    CONCLUSION

For the reasons stated above, Plaintiff's Complaint fails to state a claim upon which relief
can be granted.[8] However, because Plaintiff proceeds pro se, and the Court cannot say at this
time that amendment would be futile as to certain claims, limited leave to amend is appropriate,
so long as it is consistent with the case law outlined in this Memorandum-Decision and Order.

Accordingly, it is hereby:

**ORDERED**, that Defendant's motion to dismiss, Dkt. No, 28, is **GRANTED in part
and DENIED in part**; and it is further

**ORDERED**, that Plaintiff's complaint, Dkt. No. 1, is **DISMISSED with prejudice**, as
to: 1) any claims for damages against New York State, Governor Hochul, in her official capacity,
Katrina Turner, in her official capacity, and the DMV Commissioner, in their official capacity;
2) any Title VII claims against New York State or the individual Defendants; 3) any ADA
discrimination, retaliation, and failure to accommodate claims against New York State and the
individual Defendants; 5) any claims brought under Section 1981; and 6) any Section 1983

---

[8] The Court acknowledges that Defendants' Motion sought dismissal against Governor Hochul,
and Ms. Turner for insufficient service of process. Given the Court is dismissing Plaintiff's
claims on other grounds, the Court need not consider this argument. Moreover, because the
Complaint is dismissed, the Court will not entertain Plaintiff's request to change venue.

claims brought against New York State or any of the individual Defendants in their official capacities; and it is further

ORDERED, that the remaining balance of Plaintiff's claims are **DISMISSED without prejudice**; and it is further

ORDERED, that Defendant's motion to dismiss for insufficient service of process as to Governor Hochul and Katrina Turner, Dkt. No. 28, is **DENIED as moot**; and it is further

ORDERED, that Plaintiff is granted leave to amend within forty-five (45) days of the filing date of this Memorandum-Decision and Order, solely to attempt to cure the deficiencies identified herein with respect to: 1) her Title VII claim against the DMV, provided she can allege exhaustion of administrative remedies and sufficient factual matter to state a plausible claim for relief; 2) her ADA reasonable-accommodation claims on behalf of her and her son, provided she can allege facts showing that: a) she is a qualified individual with a disability within the meaning of the ADA and that she sought and was denied a reasonable accommodation; and/or b) that she sought a reasonable accommodation on behalf of her disabled son and was denied; 3) her Section 1983 claims against Ms. Turner in her individual capacity, provided she can allege specific facts showing that Ms. Turner personally participated in conduct violating a clearly established constitutional right; and 4) her state law claims, assuming Plaintiff adequately pleads the aforementioned federal claims; and it is further

ORDERED, that if Plaintiff does not file an amended complaint within forty-five (45) days of the date of this Memorandum-Decision and Order, the Clerk shall enter judgment dismissing this action with prejudice without further order of the Court; and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 22, 2026
             Albany, New York

LAWRENCE E. KAHN
United States District Judge